UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

NATIONAL WASTE ASSOCIATES, LLC,

           Plaintiff,

v.                                                                                          3:10-cv-289  (CSH)

TD BANK, N.A. AND JOHNSON
CONTROLS, INC.,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

HAIGHT, Senior District Judge:

**I.     INTRODUCTION**

This action for breach of contract was filed in a Connecticut court.  Defendants removed the case to this Court on the stated ground of diversity of citizenship.  Plaintiff now moves to remand the case to the state court.

Plaintiff National Waste Associates, LLC (hereinafter "National Waste" or "Plaintiff) brought this action against defendants TD Bank, NA and Johnson Controls, Inc. (hereinafter "TD Bank," "Johnson," and collectively "Defendants"), arising out of the alleged breach of a written Service Agreement under which Plaintiff contracted to perform solid waste and  recyclable management and removal services to TD Bank at specified locations.   Plaintiff alleges in its Complaint that it performed such services for TD Bank from July 1, 2007, until January 30, 2010.[1]  Doc. #1, p. 9 (¶5).   In June of 2009, TD Bank hired Johnson to manage its  properties.  As property

---

[1] National Waste "ceased providing these services and terminated the Service Agreement as of January 31, 2010."  Doc. #1, p. 24 (Newman Affidavit, ¶ 3).

manager, Johnson hired and managed cleaning companies to service all TD Bank locations. Plaintiff alleges that TD Bank breached the Service Agreement by creating an unlawful "hub system," whereby Johnson and its subcontractors placed solid waste and recyclables from TD Bank locations not covered by the Service Agreement into National Waste containers. Plaintiff further claims that during the term of the Service Agreement, it was deprived of its contractual rights to service approximately three-hundred (300) new locations opened by TD Bank under the name of Commerce Bank.

On February 2, 2010, Plaintiff commenced this action in Connecticut Superior Court, Judicial District of Hartford (Doc. No. HHD-CV-10-6007649-S), seeking to recover lost revenues from Defendants' establishment of the alleged "hub system." In its Complaint, Plaintiff brought state law actions for breach of contract (Counts One and Two), breach of the implied covenant of good faith and fair dealing (Count Three), unjust enrichment (Count Four), civil conspiracy between the Defendants (Count Five), and unfair trade practices in violation of the Connecticut Unfair Trade Practices Act (Count Six).[2]

Defendants were served with the Complaint on February 2, 2010. Doc. #1, p. 22 ("Officer's Return to Court"). Thereafter, TD Bank removed the action to this Court by filing a Notice of Removal (Doc. #1) on February 6, 2010, alleging proper jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.[3] In the Notice of Removal, counsel for TD Bank asserted that

---

[2] Although Plaintiff filed an Amended Complaint (Doc. #33) after filing its motion to remand (Doc. #21), the Court considers only Plaintiff's original Complaint (Doc. #1, pp. 8-21), which was the subject of defendant TD Bank's Notice of Removal. In any event, both complaints are substantially similar, asserting only state court actions.

[3] Section 1332 provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of

"[t]he undersigned has inquired of counsel for JCI [Johnson Controls, Inc.] concerning removal of the Action, and JCI consents to removal." Doc. #1, p. 3 (¶ 9). Johnson, however, provided the Court with no written consent to the removal of the action from Superior Court.[4]

Pending before the Court is Plaintiff's Motion to Remand the case to Connecticut Superior Court on the basis that the removal was defective in that not all Defendants joined the petition for removal within the mandatory thirty-day period under 28 U.S.C. § 1446(b). Defendants' removal thus violates the "unanimity rule." Accordingly, Plaintiff contends the case must be remanded to state court.

---

interest and costs, and is between – (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

In its Notice of Removal, TD Bank alleges that NWA is a Connecticut limited liability company whose members are all citizens of the State of Connecticut (Doc. #1, p. 3 at ¶5); Johnson is a citizen of the State of Wisconsin (a Wisconsin corporation with its principal place of business in Milwaukee, Wisconsin) (*Id.* ¶7, and p. 16 at ¶ 39); and TD Bank is a national bank with its main office in Delaware and thus a citizen of the State of Delaware under *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (*Id.*, p. 3 at ¶ 6) . None of the parties herein contest diversity of citizenship.

In further support of diversity jurisdiction, TD Bank's calculation of Plaintiff's projected alleged damages under the Service Agreement greatly exceeds the $75,000 amount in controversy mandated by 28 U.S.C. § 1332. Doc. #1 (Notice of Removal), p. 2 (¶ 4) (National Waste's "lost revenues" alone comprise "approximately $1.6 million").

[4]*See* TD Bank's Statement of Compliance with Standing Order (Doc. #8) at ¶ 5, in which TD Bank states that "JCI has not yet filed any formal papers with the court indicating that it joins in TD Bank's notice of removal." Furthermore, Johnson made no mention of consent to removal in either its Appearance of counsel (Doc. #18-19) or its Answer and Affirmative Defenses ( Doc. #10).

## II.   DISCUSSION

### A.   MOTION TO REMAND

#### 1.   Unanimity Rule under Edelman

Plaintiff argues that because one of the Defendants did not join in the removal petition within the statutory thirty-day time limit, the petition is defective and the case must be remanded to state court.[5]   The crux of Plaintiff's argument is that under *Edelman v. Page*, 535 F. Supp. 2d 290 (D. Conn. 2008), the "controlling [law] in this instance," a notice of removal "signed by only one defendant"is "insufficient to satisfy the rule of unanimity, even though other defendants consented to removal in communications with that defendant within the thirty-day removal period."  Doc. #23, p. 3.

*Edelma*n, upholding the "unanimity rule" and  requiring written consent to removal by each defendant, is squarely on point.  In *Edelman*, as in the present case, only one of the named defendants filed the removal petition and the plaintiff moved to remand.  The non-filing defendants claimed that any defect in the removal process was merely an "oversight."  They submitted affidavits and emails to demonstrate that they had planned for the removal of the case

---

[5]Plaintiff has filed its motion to remand pursuant to 28 U.S.C. § 1447 (c).  That statute, entitled,  "Procedure after removal generally,"  provides in relevant part:

> (c)  A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c).

and agreed to one defendant filing the removal notice on behalf of all defendants.

As Judge Squatrito noted, 28 U.S.C. §1446(a) controls the procedure for removal. That section dictates that "[a] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11[6] of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id*. at 292 (quoting 28 U.S.C. §1446(a)). Furthermore, "federal courts construe the removal statute narrowly, resolving any doubts against removability." *Id.* (citing *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).[7]

A defendant must file its notice of removal within thirty days of being served under 28 U.S.C. § 1446(b).[8] *Id.* Although defects in removal are procedural, rather than jurisdictional,

---

[6]Rule 11(a), captioned "Signature," states:

Every pleading, written motion, and other paper **must be signed by at least one attorney of record in the attorney's name** — or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a) (emphasis added).

[7]*See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941); *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001) (the removal statute must be strictly construed and "[a]ny doubts as to removability should be resolved in favor of remand").

[8]28 U.S.C. § 1446(b) provides:

The notice of removal of a civil action or proceeding shall be filed **within thirty days**

and agreed to one defendant filing the removal notice on behalf of all defendants.

As Judge Squatrito noted, 28 U.S.C. §1446(a) controls the procedure for removal. That section dictates that "[a] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11[6] of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *Id*. at 292 (quoting 28 U.S.C. §1446(a)). Furthermore, "federal courts construe the removal statute narrowly, resolving any doubts against removability." *Id.* (citing *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).[7]

A defendant must file its notice of removal within thirty days of being served under 28 U.S.C. § 1446(b).[8] *Id.* Although defects in removal are procedural, rather than jurisdictional,

---

[6]Rule 11(a), captioned "Signature," states:

Every pleading, written motion, and other paper **must be signed by at least one attorney of record in the attorney's name** — or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

Fed. R. Civ. P. 11(a) (emphasis added).

[7]*See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-109 (1941); *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001) (the removal statute must be strictly construed and "[a]ny doubts as to removability should be resolved in favor of remand").

[8]28 U.S.C. § 1446(b) provides:

The notice of removal of a civil action or proceeding shall be filed **within thirty days**

"the statutory time limit is mandatory . . . [and] absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." *Id.* (citing *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006) and quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991)).

> With respect to remand for lack of unanimity, Judge Squatrito explained:
>
> Where there are multiple defendants, all named defendants over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper. This rule of unanimity is strictly interpreted and enforced. **While courts generally do not require all defendants to sign the removal petition itself, most courts have required some form of unambiguous written evidence of consent to the court in timely fashion**. It is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf.
>
> Failure of any defendant to provide its written consent within the applicable thirty-day period renders the petition for removal untimely.

*Edelman,* 535 F. Supp. 2d at 292-93 (emphasis added) (citations and internal quotation marks omitted).

The *Edelman* court granted the motion to remand on the basis that the defendants did not file the requisite written consent to removal within the applicable thirty-day period.[9] Judge

---

> after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(Emphasis added).

[9] As in the present case, the *Edelman* court noted that defendants' attorneys did not mention any consent to removal in their appearances. 535 F. Supp. 2d at 293. Also, although in their opposition to a pending motion to stay, some of the defendants indicated that "removal of the recently served state court action should be ordered forthwith," that opposition was not signed by all defendants in the case. Furthermore, it was not filed within the requisite 30-day period following service of the complaint. Therefore, even if the court were to construe the

Squatrito conceded that the remand would "require the parties to basically start over with their case" and perhaps even cause "delay of the outcome of the case." *Id.* at 296.   However, "based on the law," the court had "no alternative but to remand." *Id.*

### 2.  Unanimity Rule in Second Circuit

Judge Squatrito's decision in *Edelman* follows the well-settled precedent in the Second Circuit of strictly enforcing the "unanimity rule" in removal cases.   As noted in *Newkirk v. Clinomics Biosciences, Inc.*, No. 1:06-CV-0553 (GLS/RFT), 2006 WL 2355854, at *2-3 (N.D.N.Y.  Aug. 15, 2006), the "Second Circuit has explicitly held that 'all the defendants must join in seeking removal.'" (citing *Bradford v. Harding*, 284 F.3d 307, 309 (2d Cir. 1960)).  *See also Novick v. Bankers Life Ins. Co.*, 410 F. Supp. 2d 98, 100 (E.D.N.Y. 2006) ("all [defendants] over whom the state court acquired jurisdiction must join in the removal petition for removal to be proper;" and this is true  "regardless of whether federal subject matter jurisdiction is based on diversity or federal question.")*; Owczarek v. The Austin Co.*, No. 03-CV-0750E(F), 2004 WL 625273, at *1 (W.D.N.Y. Feb. 11, 2004) ("[A]  majority of courts have held that a representation by one defendant in the notice of removal that all defendants have consented [is] insufficient, requiring instead that each defendant independently notify the court of its consent.") (internal quotations and citation omitted)*; Town of Moreau v. State Dept. of Environmental Conservation*, No. 96-CV-983, 1997 WL 243258, at *4 (N.D.N.Y. May 5, 1997) ("as a general rule, the consent of all defendants in a multiparty case is a 'precondition' to removal"); *Forum Insurance*

---

opposition as written consent to removal by the signatory defendants, "such notice [of consent] would still fail to be sufficient under 28 U.S.C. § 1446 for its lack of timeliness." *Id.*

*Company v. Texarkoma Crude and Gas Co.*, No. 92 Civ. 8602 (CSH), 1993 WL 228023, at *2 (S.D.N.Y. June 22, 1993) ("it is ... well settled in this jurisdiction that all defendants must join a removal petition or else the petition is defective and the case must be remanded").

Moreover, to join in removal, each defendant must file some form of unambiguous written consent within the requisite thirty days. *See Ricciardi v. Kone, Inc.,* 215 F.R.D. 455, 458 (E.D.N.Y. 2003) (recognizing that "[t]he rule of unanimity requires that all named defendants file with [the] court some form of unambiguous written evidence of consent to removal"); *Tate v. Mercedes-Benz USA, Inc.*, 151 F. Supp. 2d 222, 223-24 (N.D.N.Y. 2001) (defining the "unanimity rule" by stating that "courts typically require that each defendant timely submit some form of unambiguous written evidence of consent [to removal]"; and absent consent of all parties, "the removal petition is defective and the usual course of conduct is for the federal court to remand the action back to state court"); *Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 476 (S.D.N.Y. 2001) (strictly construing removal statute to grant plaintiff's motion to remand where notice of removal "lacked any evidence of consent by the non-petitioning co-defendants themselves" and, although the co-defendants filed briefs in opposition to the motion to remand, those briefs were not filed within the thirty-day period allotted for removal); *Berrios v. Our Lady of Mercy Med. Ctr.*, No. 99 Civ. 21(DLC), 1999 WL 92269, at *2 (S.D.N.Y. Feb. 19, 1999) ("[C]onsent communicated among the defendants is insufficient; each defendant must notify the Court of its consent prior to the expiration of the thirty-day period for the removal petition to be timely.").

Furthermore, a case principally relied upon by Judge Squatrito in *Edelman*, *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 435 (S.D.N.Y. 2006), mirrors the

procedural facts in the present case – *i.e.*, a removal notice was filed containing a representation that co-defendants consented to removal. In *Burr*, plaintiffs brought two claims in state court (negligence and deprivation of society and services) for injuries sustained by their infant daughter as the result of being struck by a car. Plaintiffs sued both the driver of the offending vehicle and the corporation that owned and leased the vehicle to the driver. Thirty days after being served with the complaint, the corporate defendant filed a notice to remove the case to district court on the basis of diversity of citizenship. The notice was accompanied by an affidavit of the corporation's counsel, stating that counsel for the individual defendant "had advised by telephone that he consents to and joins in the Removal of this action." 478 F. Supp. 2d at 435.

The plaintiffs moved to remand under 28 U.S.C. § 1447(c) on the basis that the petition was untimely and the individual defendant had not joined or consented in the removal. The court held as follows:

> It is insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf. Failure of any defendant to provide its written consent within the applicable thirty-day period renders the petition for removal untimely.

*Id.* at 437 (quotations and footnotes with citations omitted). The *Burr* court thus clarified that a defendant must do more than advise counsel for the removing co-defendant of consent to the removal. Each and every defendant must submit some form of written consent to the court within the applicable thirty-day period set forth in 28 U.S.C. § 1446(b).

Similarly, courts within this District have adhered to strict construction of the removal statute, enforcing the written consent requirement of the unanimity rule when ruling on a motion to remand. *See, e.g.*, *Prue v. Eagleston*, No. 3:07CV1848 (AWT), 2008 WL 687359, at *1-3 (D.

Conn. Mar. 12, 2008) (Judge Thompson explicitly applied the rule of unanimity, as set forth in *Tate v. Mercedes-Benz USA, Inc.*, 151 F. Supp. 2d 222 (N.D.N.Y. 2001), to hold that remand was mandatory where three of six defendants failed to provide written notice of consent within thirty-day period allotted for removal by 28 U.S.C. § 1446).[10]

---

[10]In *Prue*, the court noted that there are three exceptions to the unanimity rule:

> An exception exists when: "(1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; [or] (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." *Varela v. Flintock Constr., Inc.*, 148 F. Supp. 2d 297, 300 (S.D.N.Y. 2001).

2008 WL 687359, at *2. *See also Snakepit Auto., Inc. v. Superperformance Int'l, LLC*, 489 F. Supp. 2d 196, 201-02 (E.D.N.Y. 2007) (enumerating three pivotal exceptions to unanimity rule delineated in *Varela*); *Newkirk*, 2006 WL 2355854, at *3 (same).

Defendants do not contend, nor does the Court find, that any of the three exceptions to the unanimity rule apply in the present case. First, the record reflects that Johnson was properly served with process on February 2, 2010. Doc. #1, p. 22 (State Marshal's Affidavit, attesting to service upon Johnson's designated agent for service). Second, Johnson is not a nominal or formal party to the present action. Plaintiff has alleged that Johnson actively engaged in improper conduct with TD Bank, forming the basis of the various counts in Plaintiff's Complaint (*e.g.*, conspiracy to deprive Plaintiff of its Service Agreement with TD Bank, utilizing National Waste containers for the unauthorized dumping of solid waste and recyclables from certain TD Bank locations, thereby creating "transfer stations" and a hub system). Third, the removed claim is not a separate and independent federal claim under 28 U.S.C.A. § 1441(c) (providing that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title [an action "arising under the Constitution, laws, or treaties of the United States"] is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates"). In the present case, Defendants seek removal on the basis of diversity of citizenship, claiming that there is complete diversity of citizenship between the plaintiff and all defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (a)(1). There are no claims arising under federal law in this action. Thus, section 1441(c) is inapplicable to this case. Where none of the three exceptions apply, this Court must grant Plaintiff's motion to remand if Defendants have failed to provide unanimous written consent to removal within the requisite thirty-day period of 28 U.S.C. § 1446(b).

### B. Defendants' Objections to Remand

#### 1. Johnson

In its Memorandum In Opposition To Plaintiff's Motion To Remand, Defendant Johnson mistakenly argues that Plaintiff has misread the *Edelman* case by "asserting that it stands for the proposition that removal in this case is improper." Doc. #28, p. 1. Johnson seeks to distinguish *Edelman* on its facts, claiming that in *Edelman* the "notice of removal contained no written representation of the other defendants' consent to removal" whereas in the present case, "in the Notice of Removal, counsel for TD represented Johnson Controls' position affirmatively, accurately and with the authority to do so." *Id.* p. 2. Johnson asserts that the "key inquiry is whether that consent was communicated to the Court." *Id.*, p. 3. In so stating, however, Johnson completely overlooks a key element in the *Edelman* ruling – *i.e.*, that in order for removal to be proper, *each named defendant* must submit timely written consent to the removal. 535 F. Supp. 2d at 292. Although the removing defendant in *Edelman* made no representation on behalf of the non-filing defendants, the court directly addressed in *dicta* the situation at hand, clarifying that it would still be "insufficient for a defendant who has not signed the removal petition to merely advise the removing defendant that it consents to removal and that the removing defendant may represent such consent to the Court on its behalf."[11]

---

[11] In *Edelman*, after the notice of removal was challenged, the non-removing defendants submitted emails to demonstrate that within the 30-day period, they had consented to the removal, planned for it, and agreed that one defendant's attorney would file the notice of removal on behalf of all defendants. These emails, however, were only directed to defendants' attorneys and "not to the court." 535 F. Supp. 2d at 295. They were thus "insufficient to support the Defendants' position" that they had provided the court with the requisite written consent. *Id.*

Johnson also argues that, even if removal here was improper because Johnson did not sign the notice of removal, Johnson's oversight can be easily cured. Doc. #28, pp. 4-5. To support that contention, Johnson cites the First Circuit case of *Esposito v. Home Deport, U.S.A., Inc.,* 590 F.3d 72 (1st Cir. 2009), which Johnson describes as holding that failure to satisfy the unanimity rule is a "'technical defect' in the removal process which may be cured by filing an opposition to the plaintiff's remand motion." Doc. #28, p. 5.

First, *Esposito* is not binding on this Court, having been decided by the First Circuit. Second, Johnson fails to note the narrow scope of *Esposito,* which relied heavily on the advanced procedural posture of the case, having proceeded all the way to summary judgment before the appeal raised the possibility of the remand. In those particular circumstances, the court concluded that "remand to a state court would not serve the purposes of the unanimity requirement." 590 F.3d at 77. [12]

Furthermore, despite allowing defendants to cure their defective removal, the First Circuit in *Esposito* cautioned that it remains an unwise practice for each defendant to not give the requisite written consent to the court, because the case could clearly have gone the other way:

Of course, it is undoubtedly the better practice for a defendant who wants to be in federal

---

[12]In the district court proceeding, plaintiff Esposito filed a motion to remand on the basis that there was a violation of the unanimity rule in that one defendant, Home Depot, did not file written consent to removal. The district court denied the motion on the grounds that within the requisite thirty days, Home Depot gave written notice of its consent to removal by filing an Answer.

On appeal, the First Circuit affirmed the district court's ruling despite its finding that Home Depot's Answer was silent on removal and therefore possibly insufficient to satisfy the consent requirement. The court concluded that, in any event, the defect to removal was "subsequently cured when Home Depot opposed Esposito's remand motion, thereby clearly communicating its desire to be in federal court." 590 F.3d at 77.

> court to join the removal notice explicitly, *either by signing the notice itself or by filing its consent.* By failing to do so in this case, Home Depot ran the risk that the district court might find a breach of the unanimity requirement and remand this action to the state court, a decision we would have been powerless to review. 28 U.S.C. § 1447(d) (a district court's order remanding a case to the state court from which it was removed is unreviewable on appeal or otherwise).

*Id.* (emphasis added).

This Court concludes that *Esposito* neither controls nor offers the best approach to the case at bar, where the defendant at issue made no timely filing evincing consent to removal.[13] Rather, I find the statutory thirty-day removal period to be clear on its face, containing no provisions for curing the defect of untimeliness. I concur with *Edelman*'s application of the statutory period to reject defendants' argument that their opposition to a motion to stay, filed after the period had expired, constituted notice of consent:

> This opposition [by defendants] could be construed as written evidence of the consent of those particular Defendants. The opposition was not, however, submitted on behalf of all the Defendants in this case. Moreover, if the complaint was served on all the Defendants on August 7, 2006, the opposition, which was filed on September 13, 2006, is untimely as a petition for removal under 28 U.S.C. § 1446. Thus, even if all the Defendants had joined this opposition and stated unambiguously that they consented to the removal of this action (which they did not do), **such notice would still fail to be sufficient under 28 U.S.C. § 1446 for its lack of timeliness**.

535 F. Supp. 2d at 293 (emphasis added); *accord Payne v. Overhead Door Corp.*, 172 F. Supp. 2d 475, 476 (S.D.N.Y. 2001) (remanding case where co-defendants filed briefs in opposition to motion to remand, with attached signed affidavits in support of removal from attorneys for each co-defendant, because those briefs were filed "outside the 30 day time period allotted for removal by 28 U.S.C. § 1446(b)") .

---

[13]The Court further notes that, unlike the situation in *Esposito*, the case at bar is in its earliest stages. No great expenditure of time or money has thus occurred.

There exists no precedent within this Circuit for waiving the timeliness requirement and/or allowing defendants to cure a procedural defect in a removal case by filing notice of consent outside of the prescribed thirty-day period in 42 U.S.C. § 1446(b).  In the present case, Johnson filed its Memorandum In Opposition (Doc. #28) to Plaintiff's Motion To Remand on April 9, 2010, more than thirty days after both TD Bank and Johnson were served with Plaintiff's Complaint on February 2, 2010.  (Doc. # 1, p. 22).[14]   Therefore, even were this Court to accept Johnson's Memorandum In Opposition as written notice of its consent to removal, that consent would be untimely under 28 U.S.C. § 1446(b).

2.     **TD Bank**

TD Bank's Memorandum In Opposition to Plaintiff's remand motion incorporates by reference the arguments in Johnson's opposition memorandum.  To the extent that those arguments rely upon the First Circuit's ruling in *Esposito v. Home Deport, U.S.A., Inc.,* 590 F.3d 72 (1st Cir. 2009), they fail for the reasons stated *supra.*

The focus of the remainder of  TD Banks's opposition urges the Court to break with this District's holding in *Edelman* and adopt the precedent of the Ninth Circuit in  *Proctor v. Vishay Intertechnology, Inc*. 584 F.3d 1208, 1224-25 (9th Cir. 2009), holding that "[o]ne defendant's

---

[14] The thirty-day period for removal prescribed in 28 U.S.C. § 1446(b) runs from the date that the summons and complaint are served upon the defendant. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-55 (1999).  The Circuits diverge, and the Second Circuit has not yet ruled, upon the question of whether the thirty days run from service upon the first defendant or service upon the particular defendant at issue. *See Varela*, 148 F. Supp. 2d at 299-300 (collecting cases from conflicting Circuits); *Burr*, 478 F. Supp. 2d at 437.   The Court need not address that question here where both defendants were served with the Summons, Complaint, and Statement of Amount in Demand on the same date.  Doc. #1, p. 22.

timely removal notice containing an averment of the other defendant's consent and signed by an attorney of record is sufficient." (Doc. #29, pp. 1-2). Specifically, TD Bank requests that this Court accept the representations of co-defendant's counsel as sufficient notice of consent by the non-removing defendant.[15]

This Court remains unpersuaded by *Procter* and finds no need to break with the well-settled precedent in this Circuit of strictly construing and applying the unanimity rule to removal.[16] To the extent that *Procter* suggests it is sufficient for one defendant to represent that all defendants have consented to removal, it is contrary to the overwhelming weight of authority within this Circuit that *each* defendant must provide written notice of consent within the requisite thirty days.[17] Moreover, 28 U.S.C. § 1446(a) explicitly provides that "[a] defendant or

---

[15]According to TD Bank, its notice of removal adequately informed this Court of Johnson's consent by stating that "[t]he undersigned [counsel for TD Bank] has inquired of counsel for JCI [Johnson] concerning removal of the Action, and JCI consents to removal." Doc. #29, p. 1.

[16]*See* Part II.A.2., *supra*, collecting cases within the Second Circuit.

[17]Both case law and policy converge to favor written consent by each defendant. For example, policy dictates that "[a]bandoning the bright-line rule . . . would lead to uncertainty and encourage litigation about matters peripheral to the merits of lawsuits." *Berrios*, 1999 WL 92269 at *3. Written consent removes all ambiguity, thereby assisting the court to ensure that there is in fact unanimous consent among defendants to removal. It also serves to bind all defendants as to their consent, for in the absence of such a filing, "there would be nothing on the record to 'bind' the allegedly consenting defendant." *Getty Oil Corp., a Div. Of Texaco, Inc. v. Insurance Co. Of North America*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988); *see also Martin Oil Co. v. Philadelphia Life Ins. Co.*, 827 F. Supp. 1236, 1238 (N.D.W.Va. 1993) ("To allow one party, through counsel, to bind or represent the position of other parties without their express consent to be so bound would have serious adverse repercussions, not only in removal situations but in any incident of litigation."). Lastly, mandatory written consent is not an "unfair" requirement on defendants in that it does not prevent them from removing actions nor does it subject removal to manipulation by the plaintiff. *Jarvis v. FHP of Utah, Inc.,* 874 F. Supp. 1253, 1255 (D. Utah 1995); *accord Martin Oil Co.,* 827 F. Supp. at 1238-39 ("Such a policy, while ensuring the unanimity of removal, does not prevent any defendant from taking full advantage of the removal

defendants desiring to remove any civil action . . . from a State court shall file in the district court . . . a notice of removal *signed pursuant to Rule 11* of the Federal Rules of Civil Procedure." (emphasis added). Nowhere does the statute authorize one defendant to sign solely on behalf of all other defendants, based on a representation of their consent. Until Congress, the Second Circuit or the United States Supreme Court plainly states otherwise, this Court must require all defendants to file some form of unambiguous written consent to removal within the requisite 30-day period.[18]

The removal statute does not invest courts with the discretion to overlook or excuse a failure to meet that statute's requirements. *Bailey v. Boston Scientific Corp.*, N. 07-CV-2949 (SLT)(VVP), 2007 WL 4180798, at *4 (E.D.N.Y. Nov. 20, 2007). As this Court previously noted in *Forum Insurance Company v. Texarkoma Crude and Gas Co.*, No. 92 Civ. 8602 (CSH), 1993 WL 228023, at *2 (S.D.N.Y. June 22, 1993), "[p]rocedural errors are equally 'fatal' to jurisdictional errors in removal petitions." Therefore, "all defendants must join a removal petition or else the petition is defective and the case must be remanded." *Id*.

---

statute, and it is not a requirement which could be manipulated by plaintiffs to overcome the rights of defendants to remove.").

[18]The Court notes that TD Bank argues briefly for retention of this case in United States District Court based on the equitable ground that "the parties have already invested valuable resources in pursuing this litigation in federal court." Doc. #29, p. 3. The parties have not, however, gone far in litigating this case. Moreover, as Judge Squatrito noted in *Edelman*, the unfortunate fact that the parties "must basically start over with the case," does not alter the conclusion that "based on the law, the court . . . has no alternative but to remand" the case. 535 F. Supp. 2d at 296.

### III.   CONCLUSION

Applying the unanimity rule, the Court concludes that Defendant Johnson failed to join in the petition for removal within the mandatory thirty-day period under 28 U.S.C. § 1446(b). Assuming for the purpose of argument that Johnson relied on TD Bank to inform the Court of both Defendants' consent, such notice through a third party is insufficient to constitute unambiguous written consent to removal.  Moreover, no document filed by Johnson during the thirty-day period provided the Court with notice of Johnson's consent.  Johnson's Answer (Doc. #10) was  filed on March 5, 2010, at least one day *after* the requisite 30-day period expired and, for that matter, contained no language indicating consent to removal.   Johnson's Opposition Memorandum (Doc. #28) to the remand motion was filed on April 9, 2010, more than one month after the thirty-day period  prescribed in 28 U.S.C. § 1446(b) had expired.

Because Johnson failed to file timely written notice of consent, removal pursuant to TD Bank's Notice of Removal was fatally defective.  The Court finds no basis upon which to exempt Johnson from the rule of unanimity.[19]  Accordingly, Plaintiff's Motion to Remand is GRANTED. This case shall be remanded immediately to the Connecticut Superior Court, Judicial District of Hartford.  The Clerk is hereby instructed to close the file.

It is SO ORDERED.

Dated:  New Haven, Connecticut
May 12, 2010.

      /s/ *Charles S. Haight, Jr.*
      CHARLES S. HAIGHT, JR.
      SENIOR UNITED STATES DISTRICT JUDGE

---

[19] *See* note 10, *supra*, listing recognized exemptions to the unanimity rule and elucidating that none apply in this case.